UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Charles Jay Wolff

v.                                    Case No. 20-cv-956-LM

United States of
America, et al.

**REPORT AND RECOMMENDATION**

Charles Jay Wolff, who is an inmate at the New Hampshire
State Prison proceeding pro se, filed a petition for habeas
corpus relief (Doc. No. 1), pursuant to 28 U.S.C. § 2254, in the
District of Massachusetts.  The case was transferred to this
district due to that court's lack of jurisdiction.  The petition
is before the undersigned for review pursuant to Rule 4 of the
Rules Governing Section 2254 Cases (§ 2254 Rules) and LR
4.3(d)(4).

As a preliminary matter, there is a question about the
basis for the petition.  When the case was transferred from the
District of Massachusetts, the judge in Massachusetts noted that
it was not clear whether Wolff was proceeding under § 2254 or
§ 2241.  After review, however, and as is explained in more
detail below, to the extent Wolff is seeking habeas relief, he
is challenging the validity of his conviction under § 2254.
See, e.g., Leatherwood v. Allbaugh, 861 F.3d 1034, 1041-42 (10th
Cir. 2017) (holding that generally a challenge to the validity
of a conviction must be brought under § 2254 while a challenge
to the execution of a sentence is brought under § 2241); Davis

v. Edmark, No. 18-cv-1246-PB, 2019 U.S. Dist. LEXIS 164334, at
*1, 2019 WL 4675337, at *1 (D.N.H. Aug. 27, 2019) (petition
challenging validity of state conviction and sentence brought
under § 2254), R&R approved, 2019 U.S. Dist. LEXIS 163945, at
*1, 2019 WL 4674813, at *1 (D.N.H. Sept. 25, 2019); Garcia v.
Spaulding, 324 F. Supp. 3d 228, 232 (D. Mass. 2018) (holding
that § 2241 is the appropriate vehicle for challenging the
execution of an otherwise valid sentence).

## Standard of Review

Section § 2254 Rule 4 requires the court to promptly
examine a petition for habeas corpus relief.[1]  If, upon
examination, "it plainly appears from the petition and any
attached exhibits that the petitioner is not entitled to relief
in the district court, the [court] must dismiss the petition."
§ 2254 Rule 4.  Therefore, "federal Courts are authorized to
dismiss summarily any habeas petition that appears legally
insufficient on its face."  McFarland v. Scott, 512 U.S. 849,
856 (1994).  The court construes Mr. Wolff's pleadings
liberally, in light of his pro se status.  See Dutil v. Murphy,
550 F.3d 154, 158 (1st Cir. 2008).

---

[1] Wolff filed an initial habeas corpus petition (Doc. No. 1)
and then filed an addendum (Doc. No. 12) with an exhibit of
ninety-seven pages of documents.  The court has considered both
filings and the documents filed with the addendum for purposes
of § 2254 Rule 4 review.

Background

   In support of his petition, Wolff alleges that he, along
with the United States, was the victim of "federal fraud in
Massachusetts."  Doc. No. 1, at *1.  He lists relatives who he
alleges conspired to defraud him.  He further alleges that
relatives have stolen his benefits from the Veterans
Administration ("VA") and Social Security Administration that
were supposed to go to his children.

   Wolff provides no specific allegations about his
conviction.  He alleges that his defense counsel found that
relatives, who may have been witnesses during the criminal
proceeding underlying his present incarceration, obtained his VA
benefits with the help of three New Hampshire judges.  He faults
his criminal defense counsel for failing to file a motion to
dismiss charges against him.  He states that he believes
everyone involved in his criminal case, including the jury,
lived in Nashua, New Hampshire.  He alleges that in 1999 he paid
his defense counsel $6,000 for an appeal but was also billed
additional amounts.[2]

   He alleges that the clerks of court in Hillsborough and
Merrimack Counties have rejected all of the motions he has
filed.  He cites another case filed in this court, alleging

---

   [2] The copy of the check provided with the addendum bears the
date of July 26, 1996.

fraud, and suggests that he did not receive the relief he
requested there because he made allegations against Senator
Jeanne Shaheen and Senator Scott Brown.  He also alleges that
mail he has sent from prison has not reached its intended
recipients.

In the exhibits filed with the addendum, Wolff included a
copy of a pro se filing in his criminal proceeding, which is
identified as State v. Wolff, No. 95-S-985 (N.H. Super. Ct.,
Hillsborough Cty. ("HCSC")).  In that filing, Wolff asked about
his release date, and alleged that someone changed his minimum
and maximum sentence in the prison computer system.  The HCSC's
response, which is dated July 24, 2020, states that Wolff's
filing was returned because he did not certify that he had
notified all other counsel of record.  He also includes a motion
to the Merrimack County Superior Court seeking a credit of sixty
days with regard to sentence, but he did not file the court's
response thereto, if any.

Wolff reiterates his allegations of fraud in the addendum
to the petition filed here.  He seeks to add additional
respondents, who are "the judges listed," prison officers, and
prison staff.  He also lists lawyers who allegedly helped his
relatives steal his VA benefits and money from accounts in
various banks.  He states that the prosecution in his criminal
proceeding "admitted witness tampering by rehersing [sic] all
their witnesses."  Doc. No. 12, at *2.

Wolff previously has filed several actions in this district and in the District of Massachusetts.  In 2005, Wolff filed suit against the New Hampshire Department of Corrections ("DOC") challenging the prison's drug testing policies, which was dismissed on preliminary review.  See Wolff v. Comm'r, N.H. Dep't of Corrs., No. 05-cv-309-SM (D.N.H. Nov. 4, 2005) (ECF No. 9) (approving Oct. 18, 2005 R&R (ECF No. 7)).  The next year, he filed a suit alleging violations of his rights under the Religious Land Use and Institutionalized Persons Act and the First Amendment, 06-cv-321-PB, arising out of his demands for a Kosher diet at the prison.[3]  See Wolff v. N.H. Dep't of Corrs., No. 06-cv-321-PB (D.N.H.).  His claims were dismissed, and the decisions were affirmed on appeal.  See Wolff v. Morse, No. 08-2005 (1st Cir. June 22, 2009)

In 2014, Wolff filed suit against the DOC, alleging Eighth Amendment violations due to the dental and medical care that he received at the prison, and other claims arising from the alleged theft of a valuable dental bridge.  The claims were dismissed on preliminary review.  See Wolff v. N.H. Dep't of Corrs., No. 14-cv-060-SM (D.N.H. May 8, 2014) (ECF No. 16). Wolff later filed an action in the District of Massachusetts

---

[3] Wolff objected to hard-boiled eggs being served as part of the Kosher meals provided to him because he did not like hard-boiled eggs.  In protest, he sent one of the eggs to the court, which caused the magistrate judge to issue an order inspired by Dr. Seuss.  See Wolff v. N.H. Dep't of Corrs., No. 06-cv-321-PB, 2007 WL 2788610 (D.N.H. Sept. 18, 2007) (ECF No. 56).

against the Department of Veterans Affairs which was dismissed for lack of jurisdiction.  See Wolff v. U.S. Dep't of Veterans Affairs, No. 18-cv-1062-DJC (D. Mass. June 20, 2018) (ECF No. 16).

In 2019, Wolff again filed suit against the DOC, and many DOC officers, challenging the conditions of his confinement, and raising allegations about theft of his VA benefits, among other things.  See Wolff v. N.H. Dep't of Corrs., No. 19-cv-146 (D.N.H.).  On its initial preliminary review of Wolff's pleadings in that case, the court dismissed certain claims and gave him the opportunity to amend other claims.  See id., ECF Nos. 17, 18, 25).  That case remains pending, and his amended pleadings are subject to further preliminary review.

## Discussion

### I.   Section 2254 Standard

To bring a claim under § 2254, the petitioner must show that he is in custody "pursuant to the judgment of a State court," and he must challenge the state court judgment "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 § 2254(a).  In addition, if that requirement is met, a petition will not be granted unless it appears that the petitioner "has exhausted the remedies available in the courts of the State; or [] there is an absence of available State corrective process; or []

circumstances exist that render such process ineffective to protect the rights of the applicant." Id. at § 2254(b)(1). Additionally, there is a one-year limitations period for filing a § 2254 petition which runs from the date when the petitioner's state court conviction became final, or a later time if certain circumstances exist. Id. at § 2244(d)(1).

II.  Claims

Wolff's rambling and unfocused allegations primarily accuse others of theft and fraud. Such allegations do not support claims under § 2254. Construing his allegations liberally, he may have intended to bring a claim of ineffective assistance of counsel under the Sixth Amendment and/or a claim of prosecutorial misconduct under the Due Process Clause of the Fourteenth Amendment. Although far from clear, for purposes of preliminary review only, the court will construe the petition and addendum to allege those claims.

III. Exhaustion

As stated above, before those claims might be considered for purposes of habeas corpus relief under § 2254, Wolff must show that he exhausted the claims in state court or that an exception to the exhaustion requirement applies. He has done neither. Despite his voluminous filings, he has not provided a copy of any decision by a state court in his criminal case or in

other proceedings related to his criminal case, and has not

shown that he was unable to raise the claims due to one of the

applicable exceptions.  Therefore, Wolff has failed to

demonstrate the exhaustion of his state remedies, or the lack of

available and effective state court remedies, as to his claims.[4]

Accordingly, Wolff's § 2254 petition is legally insufficient on

its face, and should be dismissed, without prejudice, for

failure to demonstrate exhaustion of any claim asserted therein.

## Conclusion

For the foregoing reasons, I recommend that the habeas

corpus petition (Doc. No. 1), as supplemented by the addendum

(Doc. No. 12), be denied and that his claims be dismissed

without prejudice.  Any objection to this Report and

Recommendation must be filed within fourteen days of receipt of

---

[4] Documents Wolff filed in this case indicate that his criminal proceeding was initiated in 1995, and that he was convicted on felony charges in early 1996.  While an attorney apparently prepared an appeal in Wolff's criminal case, nothing in the record indicates the result of the appeal or the claims raised therein.  The record does not indicate whether Wolff pursued any other post-conviction challenges to his criminal conviction.  Habeas petitions filed under § 2254 are subject to a one-year statute of limitations which begins, under most circumstances, when the petitioner's state court convictions became final.  Wolff filed this habeas action in 2020.  Without comment on whether Wolff might be able to demonstrate that he is eligible for either statutory or equitable tolling with regard to the claims asserted in the petition, the petition appears to be untimely based on the current record.  Because the petition should be dismissed on alternate grounds, as explained in this Report and Recommendation, the court declines to further consider the timeliness of this action.

this notice, which period may be extended upon motion.  See Fed.
R. Civ. P. 72(b)(2).  Failure to file an objection within the
specified time waives the right to appeal the district court's
order.  See Feliciano-Rodríguez v. United States, 986 F.3d 30,
35 (1st Cir. 2021).

      SO ORDERED.

                              _____
                              Andrea K. Johnstone
                              United States Magistrate Judge

May 19, 2021

cc:  Charles Jay Wolff, pro se